IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CR-229-FL-2
5:12-CV-288-FL

| | |
|---|---|
| DEONZA LAMAR CARMICHAEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On 23 May 2012, petitioner Deonza Lamar Carmichael ("petitioner") filed a petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence (D.E. 77). On 4 June 2012, the court directed the government to file an answer or other appropriate response to the petition. (D.E. 80). On 30 July 2012, the government filed a motion to dismiss the petition. (D.E. 87). The petition and motion to dismiss, which have been fully briefed,[1] were referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it will be recommended that the government's motion to dismiss be granted and that the petition be dismissed.

## BACKGROUND

**I.  Petitioner's Conviction**

On 13 August 2008, petitioner was charged in a multi-defendant indictment with the following: possession of a firearm and ammunition by a convicted felon, and aiding and abetting

---

[1] In support of his petition, petitioner filed a supporting memorandum (D.E. 92) and two exhibits: a North Carolina criminal judgment against him (D.E. 92-1); and his declaration (D.E. 92-2). In support of its motion to dismiss, the government filed a supporting memorandum (D.E. 88). In his memorandum in support of the petition (D.E. 92), petitioner included a response to the government's motion to dismiss.

the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2 (ct. 1); possession with the intent to distribute more than five grams of cocaine base (*i.e.*, crack) (ct. 2); and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 3). (Indict. (D.E. 1) 1-2). On 3 March 2010, petitioner pled guilty to count 1 pursuant to a written plea agreement (D.E. 38), with the remaining counts to be dismissed at sentencing. (*See* Min. D.E. 36). On 3 November 2010, the court sentenced petitioner to 84 months imprisonment and 3 years supervised release. (J. (D.E. 53) 1-3). In determining petitioner's sentence, the court adopted the calculation of petitioner's base offense level in the Presentence Report ("PSR"), which was based, in part, on the finding that petitioner had "at least two felony convictions of either a crime of violence or a controlled substance offense" pursuant to Guideline § 2K2.1(a)(2) of the *U.S. Sentencing Guidelines Manual* ("USSG") (2010). (*See* PSR ¶ 49). Petitioner objected to application of § 2K2.1 on the grounds, *inter alia*, that the state conviction being used to support application did not qualify as a felony because the maximum punishment he could have received for the offense did not exceed 12 months. (PSR 16 ).

Petitioner thereafter appealed the application of the § 2K2.1 enhancement to his sentence to the Fourth Circuit. (*See* D.E. 49; Pet. 2[2] ¶ 9(f)). On 27 May 2011, the Fourth Circuit granted (D.E. 73) petitioner's motion to hold the appeal in abeyance pending the en banc decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), which was thereafter issued on 17 August 2011. On 11 January 2012, the Fourth Circuit granted (D.E. 74) the government's motion to dismiss the appeal on the grounds that petitioner had waived his right to appeal the issue in his plea agreement. On 23 May 2012, petitioner filed the instant petition.

---

[2] Citation to page numbers is to those assigned by the court's CM/ECF electronic filing system.

**II.     Petitioner's Claims**

Petitioner asserts two[3] claims: (1) that he received ineffective assistance of counsel because he was not fully informed that the plea agreement waived his right to challenge his sentence by appeal (*see* Ground 1, Pet. 4, 14); and (2) the base offense level used to determine his sentence is incorrect because the prior North Carolina conviction used to support the application of USSG § 2K2.1(a)(2) no longer qualifies as a felony pursuant to the Fourth Circuit decision in *Simmons*, (*see* Grounds 2, 3, Pet. 5, 7, 14).

In its motion to dismiss, the government seeks dismissal of the petition on the following grounds: (1) petitioner waived in his plea agreement the right to challenge his sentence under § 2255; and (2) petitioner's sentence was properly enhanced pursuant to USSG § 2K2.1(b)(6) even under *Simmons*. (*See* Gov. Mem. ¶¶ 4-6).

### **DISCUSSION**

**I.     Applicable Legal Principles**

   **A.     Standard of Review for § 2255 Petitions**

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing § 2255 Proceedings provides that the courts must promptly review § 2255 petitions along with "any attached exhibits, and the record of prior proceedings" to determine if the petitioner is entitled to any relief. *Id*. If the court concludes that the petitioner is not entitled to relief, it must dismiss the

---

[3] Though petitioner lists three grounds in the petition, grounds two and three effectively raise only one issue and will be treated as a single claim.

petition. *Id*. Otherwise, it must direct the United States Attorney to file a response. *Id*. Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

## II. Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## III. Petitioner's Ineffective Assistance of Counsel Claim

The court first addresses petitioner's claim that he received ineffective assistance of counsel because he was not made aware that his plea agreement included a waiver of his right to challenge his sentence on appeal. The record belies his assertion.

The memorandum of plea agreement, which bears petitioner's signature, included the following language:

> 2. The Defendant agrees:
>
> . . . .
>
> c. To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not

4

Case 5:08-cr-00229-FL   Document 93   Filed 06/12/13   Page 4 of 9

> constitute or trigger a waiver by the Government of any of its rights to appeal provided by law.

(Plea. Agmt. 1 ¶ 2.c.).

At the arraignment, the court first discussed the significance of waiving the right of appeal during its initial advisement of rights with all defendants appearing for arraignment that day:

> Now, Gentlemen, this is important. Under some circumstances you may have the right to appeal your sentence even though you've pled guilty to an underlying crime or offense. However, and this is what I want you to pay close attention to, if you have waived your right to appeal your sentence in a plea agreement, you need to know and you need to understand that your ability to appeal whatever sentence is imposed by Chief Judge Flanagan will be severely restricted.

(Transcript of Arraign. Hrg. (D.E. 68) 7:7-16). Later, when discussing with petitioner his understanding of the terms of the plea agreement, the court noted the importance of the appellate waiver, confirmed that petitioner had discussed this paragraph with his counsel, and even offered to read the section aloud to petitioner, which he declined. The relevant portion of this colloquy follows:

> Q    Mr. Carmichael, did you discuss with [defense counsel] the fact that paragraph 2(c) of the plea agreement contains an appeal waiver which, again, severely restricts your ability to appeal whatever sentence is imposed by the Chief Judge?
>
> A    Yes, sir.
>
> Q    Would you like for me to read that to you or do you understand it?
>
> A    I understand it.

(*Id*. 18:5-13). Petitioner also confirmed that he was satisfied with his counsel's service, and that counsel had answered all of his questions. (*Id*. 12:15 to 13:7).

In light of the record, it is clear that petitioner was aware that by entering into the plea agreement with the government, he was waving his right to appeal his sentence. Petitioner has offered nothing to rebut this record, except his contrary assertions in the petition, and this is inadequate to support his claim. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (internal citations omitted) (quoting *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004))); *see also Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000) ("Absent clear and convincing evidence to the contrary, [defendant] is bound by the representations he made during the plea colloquy."). Accordingly, the court concludes that petitioner's claim of ineffective assistance of counsel is conclusively contradicted by the record and, thereby, wholly without merit and should be dismissed.

## IV. Petitioner's *Simmons* Claim

In response to petitioner's claim that his sentence was improperly enhanced in light of *Simmons*, the government argues that, along with his right of appeal as discussed above, petitioner also waived his right to challenge his sentence via § 2255. Petitioner responds that this waiver is not valid because the court did not specifically explain at the plea hearing the waiver of petitioner's right to challenge his sentence in a post-conviction proceeding. However, the court need not resolve this waiver issue because *Simmons* cannot be raised retroactively in a collateral proceeding.

In its en banc decision in *Simmons*, the Fourth Circuit overruled prior circuit precedent and held that in determining whether to enhance federal sentences based on prior North Carolina

convictions, a district court must look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but instead to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history. *Simmons*, 649 F.3d at 241; *see also United States v. Powell*, 691 F.3d 554, 556 (2012) (discussing *Simmons* holding). The basis for this change in circuit precedent was the United States Supreme Court's decision in *Carachuri-Rosendo v. Holder,* --- U.S. ---, 130 S. Ct. 2577 (2010). It held that when determining what constitutes an aggravated felony for the purposes of the Immigration and Nationality Act, the state offense of record cannot be enhanced by looking at facts outside the offense of conviction to make it an aggravated felony. *Carachuri*, 130 S. Ct. at 2586; *see also United States v. Zambrano*, 437 Fed. Appx. 250, 252 (4th Cir. 2011) (discussing *Carachuri* holding). Approximately one year after the *Simmons* decision, the Fourth Circuit, in *United States v. Powell*, ruled that a convicted defendant could not seek application of *Carachuri* retroactively on collateral review because the rule announced in *Carachuri* was procedural in nature, not substantive. *Powell*, 691 F.3d at 559-60. Procedural rules apply retroactively only when they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 560 (quoting *Saffle v. Parks*, 494 U.S. 494, 495 (1990) (internal quotation marks omitted).

While *Powell* did not expressly address the retroactivity of *Simmons* on collateral review, subsequent rulings by the Fourth Circuit indicate that, like *Carachuri*, *Simmons* is not applicable retroactively on collateral review. Indeed, as plainly stated by the Fourth Circuit, "[i]n [*Powell*], this court held that [*Carachuri*] announced a procedural rather than a substantive rule, and therefore is not retroactively applicable to cases on collateral review. Under *Powell,* [*Carachuri*]

and *Simmons* do not afford [petitioner] habeas relief." *United States v. Newbold*, 490 Fed. Appx. 614, 615 (4th Cir. 2012); s*ee also United States v. Peters*, 2013 WL 1943801 (4th Cir. 13 May 2013) ("In *Powell,* we held that [*Carachuri*], and by extension, [*Simmons*], were not retroactively applicable."); *United States v. Brown,* No. 12-7713, 2012 WL 6604898, at *1 (4th Cir. 12 Dec. 2012) (unpublished) ("[A]s we have recently explained [in *Powell*], our holding in *Simmons* is not retroactively applicable to cases on collateral review."); *United States v. Wheeler,* No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. 7 Nov. 2012) (unpublished) ("[Petitioner's] claim [under § 2255] for retroactive application of the Supreme Court's opinion in [*Carachuri*], and our opinion in [*Simmons*], fails in light of our recent opinion in [*Powell*]."). Thus, as succinctly stated in one recent decision from the Western District of North Carolina, "[t]he Fourth Circuit has recently and repeatedly said *Simmons* is not retroactive [on collateral review]." *McClain v. United States*, Nos. 3:12-CV-5-RJC, 3:12-CV-82-RJC, 3:08-CR-218-RJC, 2013 WL 639119, at *3 (W.D.N.C. 21 Feb. 2013) (dismissing petitioner's § 2255 petition in which he claimed that, on the basis of *Simmons*, he was actually innocent of being a felon in possession of a firearm even though the government had conceded that the conviction should be vacated and had waived any statute of limitations defense).

Because the holding in *Simmons* does not have retroactive effect on collateral review, petitioner's claim based on *Simmons* fails. Accordingly, it will be recommended that this claim be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss (D.E. 87) be GRANTED and that the petition (D.E. 77) be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 26 June 2013 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 12th day of June 2013.

_____
James E. Gates
United States Magistrate Judge