IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-229-FL-2
No. 5:12-CV-288-FL

| | |
|---|---|
| DEONZA LAMAR CARMICHAEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 77). The government filed a motion to dismiss (DE 87), to which petitioner has responded. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R") (DE 93) wherein it is recommended that the court dismiss petitioner's motion to vacate. The court held this matter in abeyance pending decision in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and then directed supplemental briefing, which has been received. In this posture, the matter is ripe for ruling. For the reasons stated below, upon *de novo* review, the court dismisses petitioner's motion.

### BACKGROUND

On March 3, 2010, petitioner pleaded guilty pursuant to a written plea agreement to possession of firearms by a felon, and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924 and 2. On November 3, 2010, petitioner was sentenced to a term of 84 months imprisonment. In calculating petitioner's term of imprisonment, the court imposed a four-level enhancement in his

offense level under USSG § 2K2.1(b)(6), for possession a firearm or ammunition in connection with another felony offense. Petitioner appealed, but the appeal was dismissed on January 11, 2012, as barred by the waiver in his plea agreement. On May 23, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that (1) the predicate offense of possession of cocaine on which the four-level enhancement was based does not meet the classification of a felony drug trafficking offense under § 2K2.1(b)(6), in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and (2) ineffective assistance of counsel on the basis that his counsel failed to explain the consequences of his plea agreement, including waiver of right to appeal. The government moved to dismiss on the basis that petitioner's Simmons claim is barred by the waiver in petitioner's plea agreement. The magistrate judge recommends dismissal of petitioner's ineffective assistance of counsel claim for lack of merit, and recommends dismissal of petitioner's Simmons claim on the basis that it is not retroactive on collateral review.

## DISCUSSION

A. Plea Waiver

The court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). This rule applies equally to waiver of direct-appeal rights and waiver of collateral-attack rights. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.2012)). With respect to the scope of a plea waiver, the Fourth Circuit has held that a Simmons claim based upon improper sentencing enhancement falls

within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding. Id. at 525 & 529.

Petitioner contends first that his Simmons claim falls outside the scope of his plea waiver and that the waiver is unenfoceable due to a miscarriage of justice. Both arguments are foreclosed by Copeland, where the court confirmed that a defendant "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law," and that an "illegal" sentence permitting an appeal waiver must be a "sentence imposed in excess of the maximum penalty provided by statute." 707 F.3d at 529 & 530; see also United States v. Jones, No. 12-7600, 2014 WL 68607 *1 (4th Cir. Jan. 9, 2014) (plea waiver barred collateral attack based on Simmons, despite decision in Miller). Here, Petitioner's Simmons claim is based upon an enhancement to his sentencing guidelines range within the maximum penalty provided by statute. Thus, petitioner's Simmons claim falls within the scope of the plea waiver, which is not unenforceable due to a miscarriage of justice.

Petitioner next suggests that his plea waiver was not valid because his counsel failed to explain sufficiently the consequences of the waiver. A defendant may waive his right to attack a conviction and sentence collaterally, "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir.2005). To determine whether a waiver is knowing and voluntary, the court examines the "totality of the circumstances," including petitioner's background and "the adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver." See United States v. Blick, 408 F.3d 162, 169 (4th Cir.2005).

"[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances – even though the defendant may not know the specific detailed consequences of

invoking it." United States v. Jackson, 526 F. App'x 338, 339 (4th Cir. 2013) (quoting United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012)). "In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22.

The plea agreement waived petitioner's right to contest his conviction and sentence "in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." (Plea Agreement at 1 (DE 38)).

At the arraignment, the court first discussed the significance of the appeal waiver during its initial advisement of rights with all defendants appearing for arraignment that day:

> Now, Gentlemen, this is important. Under some circumstances you may have the right to appeal your sentence even though you've pled guilty to an underlying crime or offense. However, and this is what I want you to pay close attention to, if you have waived your right to appeal your sentence in a plea agreement, you need to know and you need to understand that your ability to appeal whatever sentence is imposed by Chief Judge Flanagan will be severely restricted.

(Transcript of Arraignment (DE 68) at 7). Upon addressing petitioner individually, the court reviewed petitioner's education level, communication ability, and the nature of the charges, as well as absence of mental illness or drug addiction. (Id. at 10). The court ascertained that petitioner had "the opportunity to thoroughly read and review" the plea agreement, and that he understood "all the terms" therein. (Id. at 17). The court then noted again the importance of the appeal waiver, as follows:

> Q. Mr. Carmichael, did you discuss with [defense counsel] the fact that paragraph 2(c) of the plea agreement contains an appeal waiver which, again, severely restricts your ability to appeal whatever sentence is imposed by the Chief Judge?

A. Yes, sir.

Q. Would you like for me to read that to you or do you understand it?

A. I understand it.

(Id. at 18). Petitioner also confirmed that he was satisfied with his counsel's service, and that counsel had answered all of his questions. (Id. at 12-13).

Based on the clear language of the plea agreement, as well as the above information provided by the petitioner and the court at arraignment, the court concludes that the waiver in this instance was knowing and voluntary.

Petitioner suggests that the collateral attack waiver was not knowing because the court confirmed only petitioner's understanding of the "appeal waiver," without specifically referencing the waiver of right to bring collateral attack. The validity of the collateral attack waiver does not depend, however, upon the court specifically referencing the terms "collateral attack" from the waiver provision at the colloquy. The court ascertained that petitioner had read and discussed the plea agreement with his counsel, including reference to paragraph 2(c), and petitioner expressly declined to have the court read that paragraph back to him. The court sufficiently examined the petitioner and provided information to him about the plea agreement and its consequences to enable the court on collateral review to determine that petitioner's waiver of collateral attack rights was knowing and voluntary. This determination is supported further by the confirmation at the colloquy that petitioner had read and understood all the terms of the plea agreement, that he had discussed any questions he had with counsel, and that he was satisfied with his counsel's performance.

Accordingly, the court must dismiss petitioner's Simmons claim as barred by the waiver in his plea agreement.

B. Not Cognizable

In addition, as an alternative basis for dismissal, petitioner's Simmons claim must be dismissed for the reason that is not cognizable on collateral review. "Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding[,] [and] [s]ection 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law." See United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (internal quotations omitted). Thus, "a defendant like [petitioner here], whose pre-Carachuri[-Rosendo v. Holder, 560 U.S. 563 (2010)] sentence is lawful because it falls within the unenhanced statutory maximum, cannot obtain § 2255 relief" on the basis of Simmons. United States v. Powell, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting in part and concurring in judgment in part) (citing Pregent, 190 F.3d at 284; Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir.2011)); see also Miller, 735 F.3d at 143 & 146 (distinguishing Powell, and noting application of Simmons on collateral review for "those defendants [who] are actually innocent of the § 922(g)(1) offense of which they were convicted, in case in which government waived the statute of limitations defense, "which normally would bar [petitioner's] motion as untimely"); cf. Farrow v. Revell, No. 13-6804, 2013 WL 5546155*1 (4th Cir. Oct. 9, 2013) (holding that a petitioner's challenge to armed career criminal status on the basis of Simmons is not cognizable in a § 2241 petition, but that claim that petitioner is actually innocent of being a felon in possession of a firearm is cognizable in a § 2241 petition).

In limited circumstances, a cognizable § 2255 claim may be based upon actual innocence of a predicate crime used to enhance a sentence. But, an alleged improper sentencing enhancement is cognizable as a "miscarriage of justice" only if the defendant can show "actual innocence" by clear and convincing evidence, see United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), and

"only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Petitioner does not contend in this case that he is factually innocent of the predicate crimes used to determine his § 2K2.1 enhancement, but rather that the court improperly classified the crimes as predicates for the enhancement.

Accordingly, petitioner's Simmons claim must be dismissed as not cognizable on collateral review.

C. Ineffective Assistance of Counsel Claim

Petitioner contends his counsel was ineffective in two respects: (1) in failing to explain that petitioner had the right to plead guilty without a plea agreement, and (2) in failing to explain that his plea agreement contained not only an appellate waiver but also a waiver that would preclude any sort of collateral attack.

To establish ineffective assistance of counsel, petitioner must show that counsel's performance was deficient, and that there is a reasonable probability that, absent counsel's deficiency, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 & 695 (1984). To establish prejudice following a guilty plea, petitioner must show "he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In support of his ineffective assistance of counsel claim, petitioner attaches a sworn declaration in which he states, in pertinent part: "I don't recall ever being advised by my attorney . . . that I had the option of pleading guilty without a plea agreement (or plead 'straight up')." (DE 92-2). He also states that had he been advised of such option, he would have done so rather than plead guilty pursuant to the written plea agreement. (Id.). In addition, he also avers in his habeas

petition that he did not know that his plea agreement had a "waiver of rights in it," until his appeal was denied because of it. (DE 77 at 5).

With respect petitioner's allegation that he did not know that his plea agreement had a waiver of rights, this allegation is belied by the Rule 11 colloquy. As noted above, the court sufficiently examined the petitioner and provided information to him about the plea agreement and its consequences to enable the court on collateral review to determine that petitioner's waiver of collateral attack rights was knowing and voluntary. The colloquy further reveals that petitioner had sufficiently reviewed all the terms of the plea agreement and discussed them with his counsel, which colloquy contradicts petitioner's *post-hoc* sworn statements to the contrary. See Lemaster, 403 F.3d at 221-22. Accordingly, petitioner has not met his burden of showing that counsel was deficient in failing to explain sufficiently the plea waiver.

With respect to petitioner's remaining allegation concerning counsel's failure to present to him the option of pleading guilty without a written agreement, petitioner has failed to establish that he was prejudiced by the alleged omission. Although he claims that he would have pleaded guilty without a written agreement, this does not meet the standard of showing that "he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Moreover, petitioner offers no more than a bare conclusion that he would have "pled straight" up instead of accepting the government's written plea agreement, or that this would have provided any benefit to petitioner in terms of term of imprisonment. Indeed, a straight up plea would have resulted in conviction of not just one offense carrying no minimum term of imprisonment, but rather two additional serious offenses which carried mandatory minimum sentencing terms, presenting a likelihood of a much

higher potential sentence.[1] Further, petitioner would not have had benefit of additional concessions by the government in the written plea agreement, including a full downward adjustment for acceptance of responsibility. It is wholly speculation that petitioner would have foregone these benefits of a written plea all for the unrealized possibility that at some future point he would want to bring a collateral attack to challenge a sentencing enhancement on the basis of a change in the law that had not yet taken place. Thus, petitioner has not established a reasonable probability that had he been told of the option to plead "straight up" as he alleges, the "outcome of the proceeding would have been different." Strickland, 466 U.S. at 694.

Based on the foregoing, petitioner's ineffective assistance of counsel claim must be dismissed.

D. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on whether petitioner's Simmons claim is barred by the waiver in his plea agreement and on whether it is cognizable on collateral review.

---

[1] Petitioner initially was charged with two additional offenses: Possession with the intent to distribute more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). At the time of petitioner's plea, each offense carried a minimum term of five years imprisonment. Petitioner faced no mandatory minimum with his written guilty plea to count one of the indictment.

## CONCLUSION

For the foregoing reasons, the court adopts the recommendation of the magistrate judge to the extent set forth herein, GRANTS the government's motion to dismiss (DE 87), and DISMISSES petitioner's motion to vacate (DE 77). A certificate of appealability is GRANTED on the terms set forth herein.

SO ORDERED, this 6th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge